CHARLES ROY MEITZLER, as Limited Administrator, etc., of EDNA M. MEITZLER, Deceased, Respondent, v. ROYCE HILL, Appellant.

Fourth Department, November 5, 1931.

*William H. Munson*, for the appellant.

*John J. McInerney*, for the respondent.

PER CURIAM. Decedent was driving a Nash sedan westerly and defendant a Pontiac sedan easterly on a concrete highway eighteen feet wide. Plaintiff's sole witness of the collision, Mary A. Miller, testified that the left front corners of the two automobiles collided at a point north of the center of the concrete highway, and that after the collision both automobiles were on the concrete highway just south of its center line. The photographs in evidence, supplemented by other proof, show convincingly that the right instead

the left front corner of defendant's automobile was crushed in. The testimony of plaintiff's witness, Willis Eckler, and that of defendant, his passenger, Earl J. Gotts, and his apparently disinterested witnesses, Thomas Greer, Robert Searcy, William Wirt and George White, as to the automobile tracks south of the concrete leading up to the scene of the collision from the east and west, as to the condition of the two cars after the mishap and to the effect that after the collision decedent's automobile was standing entirely south of the concrete pavement and facing east, and that defendant's automobile was standing close to the Nash sedan facing northeasterly with its right hind wheel only off the concrete, compels us to conclude that the jury finding that the mishap occurred as and where plaintiff claims and that it was due solely to causative negligence in defendant and not to contributory negligence in decedent, was against the weight of the evidence. In addition, the charge to the jury, while correctly stating certain apposite propositions of law, lacked that application of the law to the evidence and to the claims of the parties which jurymen require to enable them to reach a verdict based upon an appropriate comprehension of the task committed to them. (*People* v. *Odell*, 230 N. Y. 481; *People* v. *Montesanto*, 236 id. 396; *Matter of Taylor*, 197 App. Div. 865.)

The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur except Crosby, J., who dissents and votes for affirmance. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.